JEFFREY KALIEL (CA 238293)
**TYCKO & ZAVAREEI LLP**
1828 L Street, NW, Suite 1000
Washington, DC 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
jkaliel@tzlegal.com

ANNICK M. PERSINGER (CA 272996)
**TYCKO & ZAVAREEI LLP**
483 Ninth St, Suite 200
Oakland, CA 94607
Telephone: (510) 254-6808
Facsimile: (202) 973-0950
apersinger@tzlegal.com

*Counsel for Plaintiff
and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGELO CLAMOR on behalf of himself and all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>WELLS FARGO & CO. and WELLS FARGO BANK, N.A.,<br><br>Defendants | Case No. 17-cv-3782<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff ANGELO CLAMOR, on behalf of himself and all others similarly situated, sues defendants WELLS FARGO & CO. and WELLS FARGO BANK, N.A., and alleges:

## INTRODUCTION

1) In its Consumer Account Agreement (hereinafter "Deposit Agreement"), attached hereto as Exhibit A, Defendant Wells Fargo Bank, N.A. promises its customers who do not opt into Wells Fargo's Overdraft Service that it will not charge them fees for non-recurring, every day transactions. But Wells Fargo does charge overdraft fees for one-time debit card transactions. Specifically, Wells Fargo charges overdraft fees for purchases of rides from Uber and Lyft and other one-time transactions that it knows or should know are not recurring.

2) Wells Fargo charged Plaintiff Angelo Clamor a $35.00 overdraft fee when he used his debit card to pay for a one-time Lyft ride transaction even though such fees are only authorized by his contract for "recurring" debit card transactions. Accordingly, Plaintiff Clamor seeks to recoup the fee he paid and to represent all individuals in the United States who were charged similar overdraft fees on one-time debit card transactions in violation of their Deposit Agreements.

3) Plaintiff asserts this action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated, for damages and other relief arising from Wells Fargo's routine practice of charging standard overdraft fees on one-time debit card transactions, in violation of its contract with accountholders.

## PARTIES

4) Plaintiff Angelo Clamor is a citizen and resident of the State of New Jersey and has had a checking account with defendant Wells Fargo Bank, N.A. in New Jersey at all times material hereto.

5) Wells Fargo & Co. is the parent of all Wells Fargo entities. Wells Fargo & Co. is a diversified financial services company providing banking, insurance, investments, mortgage banking and consumer finance to individuals, businesses and institutions in all 50 states and internationally. Wells Fargo & Co. is headquartered in San Francisco, CA.

1) Defendant Wells Fargo Bank, N.A. is a subsidiary of Wells Fargo & Co. Among other things, Wells Fargo Bank, N.A. is engaged in the business of providing retail banking services

to consumers, including Clamor and members of the putative classes, which includes the issuance of debit cards for use by its customers in conjunction with their checking accounts. Wells Fargo Bank, N.A. operates banking centers, and thus conducts business, throughout the State of California and the United States.

2) Based on information and belief, the decisions relating to developing, marketing and implementing the actions complained of herein originated from Wells Fargo & Co. in San Francisco, California. For all plans and decisions that originated at Wells Fargo business locations outside of San Francisco, California, those plans and decision required approval from Wells Fargo & Co.'s San Francisco, California headquarters, thereby providing Wells Fargo & Co. authority and control over the actions complained about herein.

## JURISDICTION

1) This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the members of the putative Class exceed $5 million, exclusive of costs, and at least one of the members of the proposed Class is a citizen of a different state than Defendants.

2) Wells Fargo Bank, N.A. regularly and systematically provides retail banking services throughout the State of California, including in this district, and provides retail banking services to its customers, including members of the putative Class. As such, it is subject to the jurisdiction of this Court.

## VENUE

3) Venue is likewise proper in this district pursuant to 28 U.S.C. § 1391 because Wells Fargo & Co. is subject to personal jurisdiction in this Court and regularly conducts business within this district through its numerous branches.

## OVERVIEW

4) Debit card transactions can be either "one-time" or "recurring." One-time transactions are unique transactions not scheduled to regularly re-occur. Recurring transactions, on the other hand, are scheduled to regularly re-occur. Recurring transactions are often automatically charged on a prearranged schedule. Examples or recurring transactions include gym memberships,

cable bills, cell phone bills, utility bills, monthly magazine subscriptions, streaming content service memberships like Netflix, and insurance premiums.

5) Lyft and Uber are well known ride sharing services that are used across the country. There is no mystery about what their business is: one-time ride shares. Lyft and Uber are not subscription services wherein customers pay a monthly fee. Such transactions do not occur automatically, do not occur on a prearranged schedule, are not for a set amount, and only occur on a per ride basis.

6) Even though Wells Fargo knows (or should know) that Lyft and Uber customers pay per ride, and do not pay recurring pre-arranged fees, it repeatedly charges overdraft fees for these on one-time transactions.

7) Wells Fargo's checking account contract documents state the bank will not charge overdraft fees on one-time debit card transactions:

> Fees may be assessed with each *item* paid into *overdraft* or returned unpaid subject to the following:
>
> […]
>
> No *overdraft* fee will be assessed on ATM and 'everyday' (one-time) debit card transactions, unless you have enrolled in the Debit Card Overdraft Service.

Ex. A at 18.

8) If a Wells Fargo customer does *not* enroll in the Debit Card Overdraft Service the account agreement promises:

> If this service is not added and you do not have enough money in your checking account (or in accounts linked for Overdraft Protection), your ATM or everyday debit card transaction will be declined. In addition, no *overdraft* fees will be assessed on ATM or everyday debit card transactions that are paid from your account, even if you no longer have sufficient funds to cover previously approved transactions.

Ex. A at 19 (emphasis added).

9) That Consumer Account Fee and Information Schedule also instructs Wells Fargo Customers to refer to the Bank's Consumer Overdraft Services Brochure, which in turn tells customers:

> **What you need to know about Overdrafts and Overdraft Fees**
> […]
>     (1) We have <u>standard overdraft practices</u> that come with your account.
>     (2) We also offer <u>overdraft protection plans,</u>
> This notice explains out standard overdraft practices.
> **What are the standard overdraft practices that come with my account?**
> We <u>may</u> authorize and pay overdrafts for the following types of transactions
> - Checks and other transactions made using your checking account number
> - Automatic bill payments (such as recurring debit card and ACH payments)
>
> We <u>will not</u> authorize and pay overdrafts for the following types of transactions unless you ask us to (see below)
> - ATM transactions
> - Everyday debit card transactions (such as one-time debit card and ATM purchases)
>
> We pay overdrafts at our discretion, which means <u>we do not guarantee</u> that we will always authorize and pay any type of transaction. If we do <u>not</u> authorize and pay an overdraft, your transaction will be declined.
> […]
> **How to avoid overdrafts**
> Don't spend more than you have
> Know your available balance, the amount of money you can actually use.

Consumer Overdraft Services Brochure, attached hereto as Exhibit B, at 2-3.

10) Even though it promises customers who did not opt into the Debit Card Overdraft Service that it will not charge them overdraft fees for non-recurring, everyday transactions, Wells Fargo, as a matter of bank policy, does charge these accountholders overdraft fees for Lyft and Uber rides which are one-time debit card transactions. Wells Fargo knows or should know that people transacting for a one-time ride are making a one-time purchase.

## NAMED PLAINTIFF FACTS

11) Plaintiff Clamor became a Wells Fargo customer and contracted with Wells Fargo as embodied in the Deposit Agreement. Plaintiff's Deposit Agreement contains a promise that Wells Fargo will not assess overdraft fees on any one-time debit card transactions.

12) In or around September 2016, Plaintiff Clamor made a one-time payment for a Lyft ride.

13) Plaintiff Clamor never opted in to Wells Fargo's Overdraft Service and never consented to being charged an overdraft fee for one-time transactions for Lyft rides.

14) On September 23, 2016, Wells Fargo charged Plaintiff a $35.00 overdraft fee for that one-time transaction.

## CLASS ACTION ALLEGATIONS

15) Plaintiff brings this action on his own behalf and all others similarly situated pursuant to Fed. R. Civ. P. 23. The Classes include:

> All holders of a WELLS FARGO checking and/or money market account who, within the applicable statute of limitation preceding the filing of this lawsuit, incurred one or more Overdraft Fees on one-time debit card transactions.
>
> (The "National Overdraft Fee Class")
>
> All holders of a WELLS FARGO checking and/or money market account in New Jersey who, within the applicable statute of limitation preceding the filing of this lawsuit, incurred one or more Overdraft Fees on one-time debit card transactions.
>
> (The "New Jersey Overdraft Fee Class")

16) Excluded from the classes are Defendants, their subsidiaries and affiliates, their officers, directors and member of their immediate families and any entity in which defendants have a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

17) Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or to add Subclasses if necessary before this Court determines whether certification is appropriate.

18) This case is properly brought as a class action under <u>Fed. R. Civ. P</u>. 23(a) and (b)(3), and all requirements therein are met for the reasons set forth in the following paragraphs.

19) *<u>Numerosity under Fed. R. Civ. P. 23(a)(1)</u>*. The members of the Classes are so numerous that separate joinder of each member is impracticable.  Upon information and belief, and subject to class discovery, the Classes consist of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Wells Fargo's records.  Wells Fargo has the administrative capability through its computer systems and other records to identify all members of the Classes, and such specific information is not otherwise available to plaintiff.

20) *<u>Commonality under Fed. R. Civ. P. 23(a)(2)</u>*. There are numerous questions of law and fact common to the Classes relating to Wells Fargo's usurious business practice at issue herein and those common questions predominate over any questions affecting only individual Class members.  The common questions include, but are not limited to:

    a) Whether Wells Fargo improperly charges overdraft fees on one-time debit card transactions; and

    b) Whether Plaintiff and other members of the Class have sustained damages as a result of Wells Fargo's wrongful business practices described herein, and the proper measure of damages.

21) *<u>Typicality under Fed. R. Civ. P. 23(a)(3)</u>*. Plaintiff's claims are typical of the claims of the other Class members in that they arise out of the same wrongful business practice by Wells Fargo, as described herein.

22) *<u>Adequacy of Representation under Fed. R. Civ. P. 23(a)(4)</u>*. Plaintiff is more than an adequate representative of the Classes in that he has a Wells Fargo checking account and has suffered damages as a result of Wells Fargo's usurious and improper business practices.  In addition:

    a) Plaintiff is committed to the vigorous prosecution of this action on behalf of himself and all others similarly situated and has retained competent counsel experienced in

the prosecution of class actions and, in particular, class actions on behalf of consumers against financial institutions;

b) There is no conflict of interest between Plaintiff and the unnamed Class members;

c) They anticipate no difficulty in the management of this litigation as a class action; and

d) Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

23) *Predominance under Fed. R. Civ. P. 23(b)(3)*. The questions of law and fact common to the Classes as set forth in the "commonality" allegation above predominate over any individual issues. As such, the "commonality" allegations (paragraph 21 and subparts) are restated and incorporated herein by reference.

24) *Superiority under Fed. R. Civ. P. 23(b)(3).* A class action is superior to other available methods and highly desirable for the fair and efficient adjudication of this controversy. Since the amount of each individual Class member's claim is very small relative to the complexity of the litigation and since the financial resources of Wells Fargo are enormous, no Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Class members will continue to suffer losses and Wells Fargo's misconduct will proceed without remedy. In addition, even if Class members themselves could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

25) All conditions precedent to bringing this action have been satisfied and/or waived.

## BREACH OF CONTRACT

### (On behalf of the National Overdraft Fee Class)

26) Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

27) Plaintiff and Wells Fargo contracted for checking account and debit card services, as embodied in the Deposit Agreement.

28) The Deposit Agreement states that Wells Fargo will not assess overdraft fees on any one-time debit card transactions.

29) Wells Fargo breached the contract when it charged overdraft fees on one-time debit card transactions.

30) Plaintiff and members of the putative Class have performed all of the obligations on them pursuant to the Deposit Agreement.

31) Plaintiff and members of the putative Class have sustained monetary damages as a result of Defendants' breach.

## VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT, N.J. STAT ANN. § 56:8, *et seq.*
### (On behalf of the New Jersey Overdraft Fee Class)

32) Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

33) Defendants' representation that it only charges customers overdraft fees for one-time debit transactions constitutes a deceptive and misleading business practice in violation of the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-1

34) Defendants' violation of the New Jersey Consumer Fraud Act caused Plaintiffs and putative Class members to suffer ascertainable losses. Specifically, Wells Fargo's false, deceptive, and misleading terms of its customer agreements which led its consumers to incur overdraft fees for one-time debit transactions.

WHEREFORE, Plaintiff demands judgment against Defendants for themselves and the Class members as follows:

9

CLASS ACTION COMPLAINT

(a) Certifying this matter as a class action pursuant to <u>Fed. R. Civ. P.</u> 23;

(b) Designating Plaintiff as an appropriate Class representative;

(c) Awarding Plaintiff and the Class damages (including twice the amount of the usurious interest paid), prejudgment interest from the date of loss, and their costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs; and

(d) Granting such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this complaint that are so triable as a matter of right.

Dated:  June 30, 2017                                   Respectfully submitted,

/s/ *Jeffrey Kaliel*
JEFFREY KALIEL (CA 238293)
**TYCKO & ZAVAREEI LLP**
1828 L Street, NW, Suite 1000
Washington, DC 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
*jkaliel@tzlegal.com*

ANNICK M. PERSINGER (CA 272996)
**TYCKO & ZAVAREEI LLP**
483 Ninth St, Suite 200
Oakland, CA 94607
Telephone: (510) 254-6808
Facsimile: (202) 973-0950
*apersinger@tzlegal.com*

*Counsel for Plaintiff
and the Proposed Classes*